UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden, R.J. Donovan Correctional Facility,<br><br>Respondent. | No. 1:16-cv-01489-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT DENY PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY**<br><br>**(Doc. 25)** |

Petitioner, Jose M. Lopez, is a state prisoner convicted of six counts of torture (Cal. Penal Code § 206); mayhem (Cal. Penal Code § 203); corporal injury (Cal. Penal Code § 273.5(a)); two counts of assault with a deadly weapon (Cal. Penal Code § 245(a)(1)); false imprisonment with violence (Cal. Penal Code § 236); and attempted voluntary manslaughter (Cal. Penal Code §§ 664, 192(a)). Petitioner filed his petition for writ of habeas corpus with this Court on October 5, 2016.

Petitioner alleged four grounds for habeas relief: (1) insufficient evidence; (2) jury instruction error; (3) violation of the Double Jeopardy Clause; and (4) violation of his Eighth Amendment rights. As detailed in the Findings and Recommendations filed July 5, 2018, the

1

Court did not find the California Court of Appeal's opinion was either contrary to, or involved an unreasonable application of, clearly established Federal law. For this reason, the Court recommended denying Petitioner's petition for writ of habeas corpus and declined to issue a certificate of appealability. The District Court entered an order adopting the findings and recommendations on August 7, 2018.

On September 17, 2018, Petitioner filed an "Application for Certificate of Appealability." (Doc. 25). The undersigned recommends the Court again decline to do so.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In a proceeding under 28 U.S.C. § 2255, an applicant may not appeal a District Court judgment unless the District Judge or a Circuit Judge issues a certificate of appealability under 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). Section 2253(c) provides:

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>      (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

Any further requests for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

**CONCLUSION AND RECOMMENDATION**

The undersigned recommends that the Court DENY Petitioner's motion for a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 24, 2018**__    /s/ *Sheila K. Oberto*

3

UNITED STATES MAGISTRATE JUDGE

4